United States District Court
Southern District of Texas
**ENTERED**
February 16, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SHENEKA LUCENIO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.: 4:21-cv-00650 |
| | § | |
| HOUSTON INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendant Houston Independent School District (HISD) filed a first Motion to Dismiss on July 7, 2021. ECF No. 16. Just prior to filing her Response in Opposition (ECF No. 20), Plaintiff Sheneka Lucenio (Lucenio) filed a Second Amended Complaint (ECF No. 19), making the Second Amended Complaint the live pleading in the case. After filing a Reply to Lucenio's opposition to the first Motion to Dismiss (ECF No. 22), HISD filed a Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 23). Therefore, the Court **RECOMMENDS** that HISD's first Motion to Dismiss (ECF No. 16) be **DENIED** as moot.[1]

The matter currently pending before the Court is HISD's Rule 12(b) Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 23. Plaintiff filed a Response (ECF No. 25) and Defendant filed a Reply (ECF No. 26). Having considered the pleadings, the parties' filings, and the law, the Court **RECOMMENDS** Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 23) be **GRANTED in part and DENIED in part**.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF No. 13.

1

## I.      Background

Plaintiff Sheneka Lucenio ("Lucenio"), is African-American and a veteran of the United States Armed Forces.  ECF No. 19 ¶ 28, 32.  Lucenio was employed as a Senior Technology Project Manager for Defendant Houston Independent School District ("HISD").  *Id*. ¶ 9. Lucenio began her employment with HISD in June 2015*. Id*. ¶ 9.  She alleges that beginning in March 2016 and through the date of her termination in June 2019, she observed at HISD a favorable bias and treatment toward co-workers who were not African-American.  *Id*. ¶ 10. According to Lucenio, in 2016 HISD offered promotions to two non-African-American employees without considering Lucenio, despite her superior qualifications.  *Id*. ¶ 10.  Lucenio also alleges that from 2016 to 2018, she was subjected to hostile and unfavorable treatment that went unaddressed by HISD despite complaints she made to supervisors.  *Id*. ¶¶ 11, 14-16.

In May 2018, Lucenio filed an internal grievance alleging an HISD employee targeted and harassed her due to her race.  *Id*. ¶ 17.  No corrective action was taken in response to the grievance and the employee retired in August 2018.  *Id*. ¶ 17.  Furthermore, in July 2018, Lucenio appeared as a witness in the investigation of a co-worker's grievance and EEOC complaint brought against a former "HISD CTO" for alleged racial discrimination and harassment of HISD employees.  *Id*. ¶ 18.  Lucenio substantiated the co-worker's allegations.  *Id*. Lucenio alleges  that in retaliation for her participation in the investigation, HISD removed her from a work project in November 2018 and refused to assign her to any new projects.  *Id*. ¶¶ 19- 20.  From January 2019 through June 2019, Lucenio applied to seven separate positions within HISD but was denied promotion each time.  *Id*. ¶ 21.  Ultimately, on or about June 10, 2019, HISD informed Lucenio that she was terminated effective June 30, 2019 due to a reduction in force ("RIF").  *Id*. ¶ 23.

Following the notice of her termination in June 2019, Lucenio filed a grievance against two HISD employees for wrongful termination and failure to reassign her to a position after she was removed from her project in November 2018.  *Id*. ¶ 26.  HISD performed an investigation of the grievance.  *Id*. ¶ 26.  Lucenio alleges that during HISD's investigation, she was advised by a third-party investigator not to pursue federal and state claims.  *Id*.  On December 23, 2019, Lucenio filed a charge of discrimination against HISD with the EEOC.  *Id*. ¶ 7.[2]

In May 2020, Lucenio submitted an application in response to an HISD job posting and was informed that she would not be considered for the position due to her pending EEOC charge against the district.  *Id*. ¶ 28.  Lucenio received a right to sue letter from the EEOC on January 15, 2021 and filed suit against HISD within 90 days of receiving the letter.  *Id*. ¶ 7.  Lucenio's Second Amended Complaint asserts the following claims against HISD:  1) racial discrimination under Title VII and 42 U.S.C. § 1981; 2) retaliation under Title VII and 42 U.S.C. § 1981; 3) constitutional and federal law violations under 42 U.S.C. § 1983; 4) failure to provide a veteran's employment preference under Texas Government Code § 657.003; 5) failure to provide a veteran's employment preference under 5 U.S.C. § 2108; and 6) discrimination under 34 U.S.C. § 12601.  *Id*. ¶¶ 29-59.  HISD now moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss all claims.

## II.    Legal Standards

### A.  Standards for dismissal under Rule 12(b)(1)

Rule 12(b)(1) authorizes a defendant to dismiss for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."  *Montez v.*

---

[2] Lucenio's Second Amended Complaint alleges she filed her EEOC Charge on December 26, 2019.  ECF No. 19 ¶ 7.  However, her EEOC Charge is dated December 23, 2019.  ECF No. 23-2 at 2-4.

*Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. PcOrder.com*, 402 F.3d 489, 494

(5th Cir. 2005).  The court may consider any of the following in resolving a Rule

12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed

facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the

court's resolution of disputed facts."  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see*

*also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018).  The plaintiff bears the

burden of establishing subject matter jurisdiction.  *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d

380, 388 (5th Cir. 2014).  If the plaintiff fails to meet his burden, the case must be dismissed.  *Id.*

### B.  Standards for dismissal under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to

state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the conduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them

in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698,

701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d

464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to

conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

Generally, the Court may consider only the allegations in the complaint and any

attachments thereto in ruling on a Rule 12(b)(6) motion.  However, the court may take judicial

notice of public documents, and may also consider documents a defendant attaches to its motion

to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and are

central to plaintiff's claims.  *See Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007);

4

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1. (N.D. Tex. 2011).

### III.   Analysis

#### A.   Lucenio's Texas Veteran's Employment Preference claim should be dismissed.

Lucenio alleges that she is an honorably discharged veteran of the U.S. armed forces and that HISD failed to provide her with a veteran's employment preference in violation of Texas Government Code § 657.003.  ECF No. 19 ¶¶ 53-55.[3]  HISD argues that the statute applies only to employment or appointment to state agencies and therefore Lucenio's claim under § 657.003 must be dismissed for lack of subject matter jurisdiction.  ECF No. 23 at 10-11.  HISD further argues for dismissal because Section 657.003 of the Texas Government Code does not provide for a private right of action.  *Id*. at 11.

Section § 657.003 of the Texas Veteran's Employment Preference Act (TVEPA) entitles qualifying veterans to preference over other applicants for the same position, who do not have a greater qualification, when the veteran is seeking employment with, or appointment to, a state agency.  *See* TEX. GOV'T CODE § 657.003(a).  "State agency" is defined as a "board, commission, council, committee, department, office, agency or other governmental entity in the executive, legislative, or judicial branch of state government, including an institution of higher education as defined by Section 61.003, Education Code."[4]  TEX. GOV'T CODE § 657.001(1).  Independent school districts to not fall within the definition of "state agency" for purposes of the TVEPA. Under Texas law, independent school districts enjoy a large amount of political autonomy from the State, the Texas Education Agency, and the State Board of Education.  *San Antonio Indep. Sch.*

---

[3] Lucenio does not identify the service branch from which she was discharged.
[4] Texas Education Code § 61.003 defines "institution of higher education" as "any public technical institute, public junior college, public senior college or university, medical or dental unit, public state college or other agency of higher education as defined in this section."  TEX. EDUC. CODE 61.003(8).

*Dist. v. McKinney*, 936 S.W.2d 279, 282 (Tex. 1996). Each independent school district is governed by a board of trustees that is granted "the exclusive power and duty to govern and oversee the management of the public schools of the district" and may adopt any rules or bylaws necessary to carry out their statutory powers. *Id.* (citing TEX. EDUC. CODE §§ 11.151(b),(d)). Therefore, independent school districts are *not* under the guidance of the State of Texas's Commissioner of Education and the Texas Education Agency. *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 328-30 (5th Cir. 2002) (noting the "significant autonomy of local school districts" from state oversight and control). Indeed, the Texas Supreme Court has held that "[a]lthough . . . independent school districts are creatures of the state and receive substantial funds for their operation from the state, they are independent political entities" and not an arm of the State. *McKinney*, 936 S.W.2d at 283-84 (quotation omitted). School districts are considered political subdivisions, not state agencies. *Wichita Falls State Hosp. v. Taylor*, 106 S.W. 692, 694 n. 3 (Tex. 2003) (a school district is a political subdivision of the State of Texas); *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 809 (5th Cir. 1999), *aff'd,* 530 U.S. 290 (2000) (same).

In addition, the Texas Supreme Court has held that for purposes of Eleventh Amendment immunity, an independent school district is not a state agency. *See McKinney*, 936 S.W.2d at 284 (holding that an independent school district is not state agency or arm of the State of Texas and "is amenable to suit in federal court"); *cf. Hoff v. Nueces Cty.*, 153 S.W.3d 45, 48 (Tex. 2004) ("[F]ederal courts have no jurisdiction over federal or state law claims against a . . . state agency unless Eleventh Amendment immunity has been expressly waived by the state or abrogated by Congress pursuant to proper constitutional authority."). Federal district courts have similarly applied this distinction in holding that an independent school district, unlike a state agency, is not entitled to Eleventh Amendment immunity. *See Hoskins v. Kaufman Indep. Sch. Dist.*, No. 03-cv-

130, 2003 WL 22364356, at *1 (N.D. Tex. Aug. 25, 2003) ("An independent school district . . . is *not* . . a state agency . . . and *is not* entitled to Eleventh Amendment immunity from suit in federal court.").

The Court concludes that HISD is not a state agency for purposes of Texas Government Code § 657.003.  Because Texas Government Code § 657.003 provides employment preference to veterans only with respect to applications for employment with or appointment to a state agency, HISD is not covered by the law.  Therefore, Lucenio cannot state a claim under the TVEPA upon which relief can be granted.  The Court **RECOMMENDS** that Lucenio's claim for failure to provide a veteran's preference under Texas Government Code § 657.003 be **DISMISSED** pursuant to Rule 12(b)(6).[5]  Because Lucenio cannot state a claim under the TVEPA as a matter of law, an opportunity to replead would be futile and the Court **RECOMMENDS** the dismissal be **WITH PREJUDICE**.  *See Clutter v. Perdue*, No. H-18-310, 2019 WL 624847, at *3 (S.D. Tex. Feb. 14, 2019) (dismissal with prejudice for a failure to state a claim is appropriate where a defect cannot be remedied).

### B.  Lucenio's Federal Veterans' Preference Act claim should be dismissed.

Lucenio alleges that in addition to violating state law, HISD also violated Title 5 U.S.C. § 2108 of the Veterans' Preference Act (VPA) by failing to treat her as a preference eligible veteran. ECF No. 19 ¶¶ 56-57.   However, § 2108 simply defines, *inter alia*, "veteran" and a veteran who is "preference eligible."  5 U.S.C. §§ 2108(1), (3).  In other words, § 2108 defines who is a veteran and who may be considered preference eligible, but it does not prohibit any specific conduct.  For this reason, Lucenio fails to state a claim upon which relief can be granted.

---

[5] Although HISD moves to dismiss this claim pursuant to Rule 12(b)(1), the Court construes HISD's argument that HISD is not a "state agency" within the meaning of Texas Government Code § 657.003 as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

Even more fundamentally, the VPA applies only to veterans seeking federal employment. *See Mitchell v. Cohen*, 333 U.S. 411, 418-19 (1948) ("The Veterans' Preference Act was accordingly adopted, creating special preference and protection for returning veterans at every stage of federal employment."). HISD is not a federal employer. Under the VPA, "preference eligible" veterans receive advantages when seeking federal employment. *Id*. As explained by the Federal Circuit:

> To enable veterans to receive these preference rights, Congress enacted statutes and authorized the Office of Personnel Management to adopt regulations related to the hiring of preference eligible veterans. When a governmental agency fills a vacancy it must comply with these statutes and regulations. The VEOA provides preference eligible veterans with a right to file a claim for any agency hiring decision that violated the veteran's rights under a statute or regulation relating to veteran's preference.

*Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012) (internal citations omitted). And also:

> When [federal] agencies hire for the competitive services, the [VPA] requires them to give advantages to certain veterans and their families, who are referred to as "preference eligibles."

*Jarrard v. Dep't of Just*ice, 669 F.3d 1320, 1322 (Fed. Cir. 2012) (internal citations omitted). Because the VPA and associated regulations apply only to federal employment opportunities, Lucenio cannot state a claim for relief under 5 U.S.C. § 2108.

Furthermore, HISD argues this claim must be dismissed because the VPA does not provide a private cause of action. ECF No. 19 at 11-12. The Court agrees. The VPA does not provide an express cause of action for an employee to sue for discrimination, even with respect to a federal employment opportunity. *See, e.g.*, *Luttrell v. Runyon*, 3 F. Supp. 2d 1181, 1187 (D. Kan. 1998); *Tolbert v. Cisneros*, No. 92-cv-3318, 1993 WL 544402, at *8 (E.D. Pa. Dec. 29, 1993). !

8

Accordingly, the Court **RECOMMENDS** that Lucenio's claim for failure to provide veteran's employment preference pursuant to 5 U.S.C. § 2108 be **DISMISSED** pursuant to Rule 12(b)(6).[6]   As with the TVEPA, Lucenio cannot, as a matter of law, state a claim under the VPA. Therefore, an opportunity to replead would be futile and the Court **RECOMMENDS** the dismissal be **WITH PREJUDICE**.   *See Clutter*, 2019 WL 624847, at *3 (dismissal with prejudice for a failure to state a claim is appropriate where a defect cannot be remedied);   *Pipkins v. Bank of America, N.A.*, No. 12-cv-1366, 2012 WL 12893042, at *2-3 (N.D. Tex. Nov. 15, 2012) (claims premised on violations of statutes with no private action are dismissed with prejudice).

### C.  Lucenio's Violent Crime Control and Law Enforcement Act claim should be dismissed.

HISD argues that Lucenio lacks standing to bring a claim under the Violent Crime Control and Law Enforcement Act ("VCCLEA"), Title 34 U.S.C. § 12601, and therefore the claim must be dismissed.  The VCCLEA makes it

> unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with the responsibility for the administration of juvenile justice that deprives persons of rights, privileges, or immunities secured or protected the Constitution or laws of the United States.

34 U.S.C. § 12601(a).  While the statute includes a mechanism for enforcement by the Attorney General, it is silent regarding a private individual's right to bring a claim for violation of the statute. Other courts have held that in the absence of an explicit provision or legislative history authorizing

---

[6] Although HISD moves for dismissal pursuant to Rule 12(b)(1), dismissal of a claim under 12(b)(6) is warranted where a claim is brought pursuant to a statute that does not provide a private cause of action. *See, e.g.*, *Belford v. Scott*, No. H-11-2329, 2012 WL 3069846, at *5 (S.D. Tex. July 27, 2012) (plaintiff failed to state a claim where she brought claims under federal criminal statutes that did not provide private causes of action); *Mem'l Hermann Hosp. Sys. v. Time Ins. Co.*, No. H-10-360, 2010 WL 11661259, at *4-5 (S.D. Tex. May 28, 2010) (dismissal under Rule 12(b)(6) is warranted where Texas Insurance Code and Texas Administrative code provisions provide no private cause of action).

an implied right of action, the VCCLEA does not create a private cause of action.  *See, e.g.*, *Thompson v. St. Louis Metro. Police Dep't*, No. 4:19-cv-2300, 2019 WL 3960572, at *2 (E.D. Mo. Aug. 22, 2019) ("no private right of action under 34 U.S.C. § 12601, as only the Attorney General may bring a civil action under that statute"); *Ealy v. Knoebel*, No. 2:19-cv-50, 2019 WL 1928487, at *2 (E.D. Ky. Apr. 30, 2019) ("provision vests enforcement authority exclusively with the United States Attorney General, and [plaintiff] may not assert a private right of action under it").  Because the VCCLEA does not create a private cause of action, Lucenio has failed to state a claim upon which relief can be granted.  *See Pipkins*, 2012 WL 12893042, at *2-3 (dismissal under Rule 12(b)(6) is appropriate for claims based on violations of statutes with no private right of action).

Even if the Court were to imply a private right of action, Lucenio's complaint fails to plead any facts demonstrating that HISD is involved in any aspect of law enforcement or the administration of juvenile justice.  The VCCLEA applies to "any governmental authority" engaging in a pattern or practice involving "conduct by law enforcement officers" or by "employees of a governmental agency with the responsibility for the administration of juvenile justice." 34 U.S.C. § 12601(a).  Lucenio does not even attempt to address the VCCLEA claim in her response to HISD's Motion to Dismiss.  In the absence of any private right of action under the VCCLEA, the absence of any facts demonstrating a violation of the statute, and Lucenio's failure to make any response in opposition to HISD's motion to dismiss the VCCLEA claim, the Court **RECOMMENDS** this claim be **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6). *See Pipkins*, 2012 WL 12893042, at *2-3 (claims premised on violations of statutes with no private action are dismissed with prejudice).

### D.  Lucenio's claims under Title 42 U.S.C. § 1981 should be dismissed.

HISD seeks dismissal of Lucenio's § 1981 claims because § 1981 does not provide an independent cause of action against a school district.  ECF No. 23 at 13-14.  "Section 1981 refers

to racial discrimination in the making and enforcing of contracts." *Adams v. McDougal*, 695 F.2d 104, 108 (5th Cir. 1983) (citation omitted).  While § 1981 allows an employee to bring a cause of action against a private employer, it does not provide a separate cause of action against local government entities.  *Oden v. Oktibbeha Cty.*, 246 F.3d 458, 463 (5th Cir. 2001).  Instead, a plaintiff must assert a cause of action under § 1983 to remedy a civil rights violation against a local government entity under § 1981.  *Id.*  (concluding that § 1983 "remains the only provision to expressly create a remedy against persons acting under color of state law") (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989)).

Thus, Lucenio's allegations that HISD interfered with her right to contract in violation of § 1981 must be asserted under § 1983.  *See Leigh v. Galveston Indep. Sch. Dist.*, No. H-09-485, 2009 WL 10693449, at *3 (S.D. Tex. July 31, 2009) (explaining that because an independent school district is a political subdivision of the State of Texas, plaintiffs must enforce the violation of rights guaranteed by § 1981 through § 1983).  Even the most liberal construction of Lucenio's Second Amended Complaint demonstrates that she has not pleaded her § 1981 claims as seeking damages under § 1983.  Indeed, Counts 1 and 2 of the Second Amended Complaint allege causes of action for discrimination and retaliation under Title VII and § 1981, while Count 3 alleges a cause of action for discrimination and retaliation under § 1983.  *See* ECF No. 19 ¶¶ 29-52.  Even if the Court were to construe Lucenio's Second Amended Complaint as seeking to recover damages for violations of her § 1981 rights pursuant to § 1983, as explained below, she cannot recover against HISD under § 1983, either.  Accordingly, the Court **RECOMMENDS** that Lucenio's § 1981 claims be **DISMISSED.**  Because further opportunities [7] to amend would be

---

[7] Lucenio's original complaint and first amended complaint both included claims for violations of § 1981.  ECF No. 1 ¶¶ 29-45; ECF No. 8 ¶¶ 29-45.  HISD's original Motion to Dismiss (ECF No. 16) argued for dismissal of the § 1981 claims arguing, *inter alia*, that Lucenio was required to assert a § 1981 claim against HISD as a claim brought

futile, the Court **RECOMMENDS** the dismissal be **WITH PREJUDICE**.  *See Thompson v. Wells Fargo Bank, N.A.*, No. H-15-598, 2016 WL 164114, at \*4 (S.D. Tex. Jan. 14, 2016) ("Because the complaint was amended after this issue was raised [and still failed to state a claim], further opportunities to amend would be futile.").

### E.  Lucenio's claims under Title 42 U.S.C. § 1983 should be dismissed.

Title 42 U.S.C. § 1983 creates a private right of action to redress violations of constitutional rights or federal law by those acting under color of state law.  *Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 596 (S.D. Tex. 2012).  To prevail on a § 1983 claim, a plaintiff must prove that a person acting under color of state law deprived her of a right secured by the Constitution or the laws of the United States.  *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999)).  The Supreme Court determined in *Monell* that Congress intended for municipalities and other local governments to be included in the scope of "persons" who can be held liable under § 1983 for violations of an individual's constitutional rights.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  However, the Supreme Court also held in *Monell* that

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694.  In other words, when sued for violations of § 1983, a school district has no vicarious or *respondeat superior* liability for the actions of its employees.  *Barrow v. Greenville Indep. Sch. Dist.*, 480 F.3d 377, 380 (5th Cir. 2007); *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003).  Instead, "the unconstitutional conduct must

---

under § 1983.  ECF No. 16 at 19-20.  Lucenio amended her complaint for a second time (ECF No.19) but did not amend her § 1981 claims.

be directly attributable to the municipality [or local governmental entity] through some sort of official action or imprimatur." *Rivera*, 349 F.3d at 247 (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).  Consequently, to state a § 1983 claim against a local governmental entity, such as HISD, Lucenio must point to more than the actions of an HISD employee:  She must plead facts alleging "(1) an official policy (2) promulgated by the [HISD] policymaker (3) was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017); *see also Rivera*, 349 F.3d at 247 (same).

The Court interprets the Second Amended Complaint to allege that HISD employees violated Lucenio's First Amendment right to free speech by failing to promote and ultimately terminating her in response to her complaint alleging race-based discrimination and by failing to rehire Lucenio after she filed an EEOC charge.  ECF No. 19 ¶¶ 28, 46, 50, 52.  She also appears to allege that HISD violated her right to equal protection under the Fourteenth Amendment when it failed to promote her because of  widespread policy or custom of not hiring African-American employees for higher managerial positions.  *Id*. ¶¶ 48-49.  Finally, Lucenio alleges that HISD violated federal law by failing to provide hiring preferences to which she claims she is entitled as a veteran.  *Id*. ¶ 51.  Having already concluded that the federal veterans' preference laws do not apply in this case because Lucenio was not applying for federal employment, the Court **RECOMMENDS** that the § 1983 claim based on violation of the Veterans' Preference Act be **DISMISSED WITH PREJUDICE** under Rule 12(b)(6) for failure to state a claim.

HISD moves to dismiss Lucenio's remaining § 1983 claims in their entirety, arguing that even if Lucenio could establish violations of her rights under the Constitution and federal law, she has not pleaded and cannot demonstrate the elements of municipal liability required to hold

13

HISD liable for the acts of its employees.  Specifically, HISD argues that Lucenio has failed to allege facts demonstrating that the moving force behind the violations of her constitutional rights and federal law is (1) an official policy or custom, (2) that was promulgated by HISD's policymaker.  ECF No. 23 at 15-19.  Viewing the allegations in the complaint in the light most favorable to Lucenio, she appears to allege three separate policies or customs as the moving force behind the violations of her constitutional rights and federal law:

- HISD had a custom or policy of failing to promote and ultimately terminating employees who exercised their right of free expression by filing a grievance against HISD, and HISD violated her right to free expression by failing to promote and terminating her because she filed a complaint of race-based discrimination. ECF No. 19 ¶¶ 46, 50, 52.

- HISD had a custom or policy of failing to hire or rehire individuals who exercised their right to free expression by filing an EEOC charge against HISD, and HISD violated her First Amendment rights by refusing to rehire her in 2020 because her previously filed EEOC charge against HISD was still pending.  ECF No. 19 ¶ 28, 46.

- HISD had a custom or policy of failing to promote African Americans to higher managerial positions, and HISD and violated her Fourteenth Amendment rights to equal protection under the law by failing to promote her because she is African American.  ECF No. 19 ¶¶ 10, 12-13, 22, 49.[8]

Assuming Lucenio has sufficiently pleaded these customs or policies, and that the alleged customs or policies were the moving force behind violations of her constitutional rights, Lucenio still has failed to plead facts which, if true, would demonstrate that the policies were promulgated, ratified, or known by a final policymaker.[9]  Absent allegations establishing that the policies which caused the violations of her rights were the policies or customs of HISD's final policymaker, Lucenio's § 1983 claims cannot survive a  motion to dismiss.  *See Groden v. City*

---

[8] Lucenio specifically alleges only a violation of her First Amendment rights in Count No. 3; however Count No. 3 contains an allegation that HISD has a widespread policy of not hiring African-American employees in higher managerial positions.  ECF No. 19 ¶ 49.  Therefore, the Court assumes Plaintiff is also alleging a violation of her rights under the Equal Protection Clause of the Fourteenth Amendment.

[9] HISD argues that Lucenio has not pleaded sufficient facts to support the custom or policy element of her § 1983 claims.  ECF No. 23 at 15-17.  However, the Court need not address those arguments because Lucenio has failed to allege facts from which the Court could reasonably infer that any of the alleged policies or customs were created or approved by HISD's final policymaker or the final policymaker's designee.

*of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016) (to survive a motion to dismiss, plaintiff must plead "facts which establish that the challenged policy was promulgated or ratified by the [municipality's] policymaker.").

The identity of a final policymaker is a question of state law. *City of St. Louis v. Prapotnik*, 485 U.S. 112, 123 (1988). "Under Texas law, the final policy-making authority in an independent school district rests with the district's board of trustees." *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995) (citing *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993)). Thus, final policymaking authority resides with the Board of Trustees or an authority authorized by the Board to set final policy on the Board's behalf. *Barrow*, 480 F.3d at 380. As discussed in the subsections below, Lucenio has failed to plead any facts from which the Court could reasonably infer that the alleged violations of her constitutional rights were caused by any policy promulgated by HISD's Board of Trustees (the "Board") or by an authority the Board permitted to set final policy on the Board's behalf.

> **1. Lucenio has failed to allege facts showing the alleged policies or customs which caused violations of her First Amendment rights were promulgated, ratified, or known by the HISD Board of Trustees.**

Lucenio alleges that HISD failed to promote and ultimately terminated her "through the actions of its policymaking authorities." ECF No. 19 ¶ 52. However, Lucenio does not support this conclusory statement with facts showing the alleged policies were promulgated, ratified, or even known by HISD's policymaker. Indeed, Lucenio's complaint does not identify a policymaker responsible for the alleged policy or custom of failing to promote or terminating employees who exercised their rights to free speech by filing grievances or complaints. Lucenio also fails to allege that the Board delegated final policymaking authority to another person or entity.

Lucenio argues in her response to the Motion to Dismiss, that the Board had knowledge of the alleged retaliatory motive for her termination and affirmed the decision.  ECF No. 25 at 13.  However, nothing in the four corners of her complaint makes any reference to the Board, much less its actual or constructive knowledge of a policy to terminate employees who file grievances or complaints.  The complaint provides no facts from which the Court could plausibly infer that the Board affirmed the decision to terminate Lucenio or that the Board had any knowledge of any details surrounding Lucenio's termination.  *See Yarbrough v. Denton Indep. Sch. Dist.,* No. 4:20-CV-00433, 2021 WL 4704579, at *7 (E.D. Tex. Feb. 5, 2021) (dismissing § 1983 claims with prejudice because conclusory allegations of school board's knowledge of unconstitutional policies were insufficient to be entitled to an assumption of truth or to state a claim for municipal liability under § 1983).

Lucenio's First Amendment claim premised on HISD's alleged policy of refusing to rehire employees with pending EEOC charges also fails to allege the policy was made, ratified, or known by the HISD Board of Trustees or its designee.  Lucenio simply alleges that an HISD employee informed her that "they" would have hired her, but HISD prohibited her application for consideration due to her pending EEOC charge.  ECF No. 19 ¶ 28.  This allegation lacks any facts which would allow the Court to infer that a "policy or firmly entrenched custom" of refusing to rehire an employee who has a pending EEOC charge against HISD was promulgated, ratified, or known by the Board or by an individual or entity to whom the Board's policymaking authority had been delegated.

2.      **Lucenio has failed to allege facts showing the alleged policies or customs which caused violations of her Fourteenth Amendment rights were promulgated, ratified, or known by the HISD Board of Trustees.**

To the extent Lucenio has alleged a § 1983 race discrimination claim resulting from "a practice and widespread policy of not hiring African Americans in higher managerial position[s,]" she has likewise failed to satisfy the policymaker prong of this § 1983 claim. Lucenio alleges that she was denied at least seven positions to which she applied and that an African-American co-worker was also denied a promotion for which she was qualified.  Yet, Lucenio's complaint fails to allege any specific facts from which the Court could infer that the alleged policy or practice of failing to promote African Americans into higher management was promulgated, ratified, or known by the Board or another entity to whom the Board had delegated final policymaking authority.

Lucenio alleges three individuals—Ms. Fancher, Ms. Burns, and Mr. Williams— interviewed her co-worker, Ms. Edwards (an African-American female), for the job of senior technology project manager but promoted a less qualified non-African-American to the position. ECF No. 19 ¶ 12.  Lucenio fails to allege, however, that the Board knew of a custom or widespread practice of failing to promote African Americans to higher management, that the Board ratified the decision not to promote Ms. Edwards or Lucenio based on the discriminatory custom or policy, or that the Board delegated to someone else the final policymaking authority for establishing policies, including those used in promotion decisions.

Lucenio's § 1983 claims for violations of her First and Fourteenth Amendment rights fail to satisfy the policymaker prong of *Monell* liability.  Absent specific facts showing that the Board, or another person or entity with final policymaking authority, promulgated, ratified, or even had knowledge of the alleged policy which was the "moving force" behind the violation of

17

Lucenio's constitutional rights, her § 1983 claims must be dismissed for failure to state a claim. *See Brittany B. v. Martinez*, 494 F. Supp. 2d 534, 542 (W.D. Tex. 2007) (dismissing, at the motion to dismiss stage, a § 1983 claim when the plaintiff generically argued "the Board established an informal custom of ignoring or condoning sexual harassment or abuse of students such that it constituted official Board policy.").

Accordingly, the Court **RECOMMENDS** that Lucenio's § 1983 claims be **DISMISSED** under Rule 12(b)(6) for failure to state a claim. Additionally, because Lucenio has already had an opportunity to amend the deficient pleading after HISD filed its original motion to dismiss raising the same arguments as it does in the instant motion, the Court **RECOMMENDS** that the § 1983 claims be **DISMISSED WITH PREJUDICE**. *See Thompson*, 2016 WL 164114, at *4.

### F. Some of Lucenio's alleged Title VII violations should be dismissed.

Lucenio alleges multiple bases for her claims of discrimination and retaliation in violation of Title VII. She alleges discrimination in violation of Title VII based on allegations that HISD employees harassed her, undermined her authority, failed to promote her, and eventually terminated her on the basis of her race. ECF No. 19 ¶¶ 29-38. She also alleges that in retaliation for her complaints regarding racial discrimination, she was repeatedly overlooked for promotions, demoted from her position as a project manager, terminated, and precluded from being rehired by HISD when a job opening became available. *Id*. ¶¶ 39-45. HISD moves to dismiss many of the alleged Title VII violations under three separate legal theories: (1) some alleged violations are time-barred; (2) some alleged violations have not been exhausted; and (3) some alleged violations fail to state a claim under which relief can be granted. ECF No. 23 at 20-25.

1. **Lucenio's Title VII allegations based on acts occurring prior to February 26, 2019 should be dismissed as time-barred.**

Under Title VII, 42 U.S.C. § 2000e-5(e)(1), a plaintiff may bring a claim for discrimination only if she has filed a claim with the EEOC within 180 days of the alleged unlawful act, or within 300 days of the unlawful act if the plaintiff first filed a complaint with a state or local agency. *Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009) (citing 42 U.S.C. § 2000e-5(e)(1)).   Lucenio filed her charge of discrimination with the Texas Workforce Commission Civil Rights Division and the EEOC on December 23, 2019.  "Because Texas has a state agency to resolve civil rights complaints, it is a 'deferral state' in which Title VII extends the filing period for discrimination claims to 300 days."   *Blasingame v. Eli Lily & Co.*, No. H-11-4522, 2013 WL 5707324, at *4 (S.D. Tex. Oct. 18. 2013).   Lucenio's charge of discrimination filed with the Texas Workforce Commission and EEOC on December 23, 2019 allows her to complain of discriminatory conduct that occurred within the 300 days prior to the filing of the complaint.  Barring an exception to this rule, Lucenio's allegations of discriminatory conduct which occurred before February 26, 2019 (300 days prior to December 23, 2019) are time-barred and, as a matter of law, cannot support a claim under Title VII.

Accordingly, HISD moves to dismiss all of Lucenio's allegations of discriminatory conduct that pre-date February 26, 2019.  ECF No. 23 at 20-22.[10]  Specifically, HISD argues the following allegations of discrimination are time-barred and must be dismissed with prejudice:

- failures to promote pre-dating February 26, 2019  (ECF No. 19 ¶¶ 10, 12-13, 21);
- acts causing humiliation in March 2016 (*Id.* ¶ 11);
- sabotage of her projects in October 2016 (*Id.* ¶ 14);
- providing false information about her in August and October 2017 (*Id.* ¶¶ 15-16);

---

[10] "Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested."  *Hunter v. Tex. Energy Servs. LP*, No. 14-cv-142, 2014 WL 5426454, at *1 n. 2 (S.D. Tex. Oct. 23, 2014) (quoting *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n. 1) (N.D. Tex. 2011)).

- improper investigation of her race complaint in May 2018 (*Id*. ¶ 17);
- removal from a project in November 2018 (*Id*. ¶¶ 19-20).

Lucenio responds that the continuing violation doctrine applies to prevent allegations of discrimination which pre-date February 26, 2019 from being time-barred.  ECF No. 25 at 15-19.

The continuing violation doctrine extends the limitations period on otherwise time-barred claims, but only if the claims are part of an "unlawful employment practice that manifests itself over time, rather than as a series of discrete acts."  *Pegram v. Honeywell, Inc*., 361 F.3d 272, 279 (5th Cir. 2004).  In general, the continuing violation doctrine applies to Title VII claims alleging a hostile work environment rather than claims alleging discrete discriminatory or retaliatory acts:

> a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period—180 or 300 days—set forth in 42 U.S.C. § 2000e–5(e)(1). A charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period.

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002).  When a plaintiff alleges a hostile work environment claim, the continuing violation doctrine allows otherwise time-barred conduct to be actionable because a hostile work environment claim is comprised of a series of separate acts that collectively constitute one "unlawful employment practice."  *Id*. at 117.  Because the claim is composed of a series of acts, the "'unlawful employment practice' cannot be said to occur on any particular day.  Instead, it occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own."  *Morgan*, 536 U.S. at 115 (citing *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993)).  Therefore, as long as at least one act of a single unlawful employment practice occurs within the appropriate time period, all conduct that is part of that single unlawful employment practice, even if it occurred outside the applicable time period, can support the hostile work environment claim and, pursuant to the continuing violation doctrine, is not time-barred.  *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th

20

Cir. 2003) ("a plaintiff may complain of otherwise time-barred discriminatory acts if it can be shown that the discrimination manifested itself over time, rather than in a series of discrete acts."). On the other hand, the continuing violation doctrine cannot be used to connect acts of discrete discrimination or retaliation, thereby extending the deadline in which to file a complaint based on that conduct because a "discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Id*. at 110.

Here, Lucenio has failed to allege a claim composed of a series of separate acts that collectively constitute one "unlawful employment practice." *Morgan,* 536 U.S. at 117.  Rather, she alleges multiple discrete acts of discrimination occurring during her tenure with HISD.  The Supreme Court and the Fifth Circuit have classified terminations, failures to promote, and failures to hire as discrete acts which are not subject to the continuing violation doctrine. *Morgan*, 536 U.S. at 114 ("Discriminatory conduct such as termination, failure to promote, . . . and refusal to hire, are discrete acts . . . and are not considered part of a pattern of discrimination.); S*immons-Myers v. Caesars Ent. Corp.*, 515 Fed. App'x 269, 273 (5th Cir. 2013) ("[D]iscrete discriminatory acts are not entitled to the shelter of the continuing violation doctrine."); *Newton v. Securitas Sec. Servs., USA, Inc*., 250 Fed. App'x 18, 21 (5th Cir. 2007) (termination, failure to promote, and refusal to hire are discrete discriminatory acts not subject to the continuing violation doctrine).

While Lucenio has alleged that HISD failed to investigate a grievance she filed in June 2019, an allegation that could potentially be included in a hostile work environment claim, *see Abrams v. Am. Airlines, Inc.*, 302 Fed. App'x 242, 244 (5th Cir. 2008), she wholly fails to allege that the failure to investigate is part of a single unlawful employment practice.  Furthermore, the June 2019 grievance involved HISD's failure to reassign Lucenio and her subsequent termination, both of which constitute discrete discriminatory acts.  Lucenio's filing of a grievance complaining

of discrete acts cannot be used to invoke the continuing violation doctrine or to extend the time for filing a claim of discrimination involving a discrete act.  *See Morgan*, 536 U.S. at 111-112 (noting that filing of grievance regarding termination does not collapse the termination and grievance into a single unlawful employment practice and does extend the time period for complaining of the discrete act) (citing *Elec. Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 234 (1976)).

In short, Lucenio's Title VII discrimination claims allege discrete acts of discrimination rather than a single continuing unlawful employment practice.  Therefore, the continuing violation doctrine does not apply.  All alleged discriminatory and retaliatory conduct occurring before February 26, 2019 is time-barred.  Accordingly, the Court **RECOMMENDS** that any Title VII claim based on discriminatory or retaliatory conduct occurring before February 26, 2019 be **DISMISSED WITH PREJUDICE**.

### 2. None of Lucenio's Title VII claims should be dismissed at this stage for failure to exhaust administrative remedies.

HISD argues that some of Lucenio's Title VII claims must be dismissed for failure to exhaust administrative remedies. ECF No. 23 at 21-22.  Specifically, HISD argues that Lucenio failed to include in her EEOC charge her allegations regarding HISD's:

- failure to hire her for seven positions from February to June 2019;
- failure to properly investigate her June 2019 grievance; and
- failure to rehire her in May 2020.

ECF No. 23 at 21-22.

Before pursuing Title VII claims in federal court, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC.  *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851 (2019) (holding that while not jurisdictional, Title VII's charge-filing requirement is a mandatory processing rule).  The exhaustion requirement balances two competing Title VII policies.  *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).  "On the one hand, because 'the provisions of Title

VII were not designed for the sophisticated,' and because most complaints are initiated *pro se*, the scope of the EEOC complaint should be construed liberally." *Id*. (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970)).  "On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Id*. at 788-89.  Whether a plaintiff has exhausted a Title VII claim is determined "not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'"  *Id*. at 791 (quoting *Sanchez*, 431 F.2d at 466).  "Thus, 'a Title VII lawsuit may include allegations like or related to the allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the [EEOC].'" *Stingley v. Watson Quality Ford, Jackson, MS*, 836 Fed. App'x 286, 291 (5th Cir. 2020) (quoting *McClain v. Lufkin, Indus., Inc.*, 519 F.3d 264, 272-73 (5th Cir. 2008)).

Acknowledging that the failure to promote and failure to investigate claims were not included in her EEOC charge, Lucenio contends these allegations are sufficiently related to acts described in the charge.  ECF No. 25 at 18-19.  Lucenio also contends that the failure to promote and failure to investigate claims were raised in her Response to HISD's EEOC position statement and therefore fall within the scope of the EEOC investigation.  ECF No. 25 at 18.  The Fifth Circuit has explained that while "the actual scope of an EEOC investigation does not determine whether a claim is exhausted . . . [the] investigation of a particular claim creates a strong inference that such a claim was presented."  *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 (5th Cir. 1994).  While the Fifth Circuit has not stated definitively which documents besides the EEOC charge may be considered when analyzing whether administrative remedies have been exhausted, several district courts in this circuit have held that:

> The court may consult related documents, such as a plaintiff's affidavit, her response to the EEOC questionnaire, and attachments to the response, when (1) the facts set out in the document are a reasonable consequence of a claim set forth in the EEOC charge and (2) the employer had actual knowledge of the contents of the document during the course of the EEOC investigation.

*Evans-Rhodes v. Nw. Diagnostic Clinic, P.A.*, No. 4:12-cv-01626, 2013 WL 5603003, at *4 (S.D. Tex. Oct. 11, 2013) (quoting *Hayes v. MBNA Tech., Inc.*, No. 03-CV-1766, 2004 WL 1284965, at *6 (N.D. Tex. June 9, 2004)).

Without examining Lucenio's response to HISD's position statement (which is not part of the record on the Motion to Dismiss), the Court cannot determine the specific facts Lucenio set forth in the response regarding her allegations concerning the failure to promote from January 2019 to June 2019 and the failure to investigate her grievance. As such, the Court cannot determine whether the response includes facts that are "a reasonable consequence of a claim set forth in the EEOC charge." The Court is similarly without information to discern whether HISD had actual knowledge of the contents of Lucenio's response during the course of the investigation. Keeping in mind that the EEOC's investigation of a particular claim "creates a strong inference that such a claim was presented" for exhaustion purposes, the Court does not have a sufficient record to make a determination on exhaustion and recommends that the motion to dismiss for failure to exhaust be denied for that reason.

Furthermore, Lucenio's retaliation claim for HISD's failure to rehire her in May 2020 is excused from Title VII's exhaustion requirements. Lucenio does not contend that she ever mentioned the alleged May 2020 retaliatory conduct in her response to HISD's position statement nor does she argue that the allegation was included in the scope of the EEOC investigation. However, exhaustion is not required for retaliation claims arising from an earlier charge. *See Gupta v. East Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981) ("it is unnecessary for a plaintiff

to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge").  The alleged retaliatory conduct in May 2020 occurred more than five months after Lucenio filed her EEOC charge and arose from the charge, itself.  Therefore, the Court **RECOMMENDS** that HISD's motion to dismiss Lucenio's claims for failure to exhaust administrative remedies be **DENIED**.

### 3.   Certain of Lucenio's Title VII allegations should be dismissed for failure to state a claim.

HISD moves for dismissal of all of Lucenio's Title VII allegations that are not time-barred. HISD asserts somewhat globalized arguments in support of its motion to dismiss various Title VII allegations.  Due to the global approach, the bases for HISD's motion are in some cases unclear or confusing.  Nevertheless, the Court will address whether Lucenio has stated a claim for relief with respect to various Title VII claims HISD seeks to dismiss under Rule 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must set forth allegations that enable the court to reasonably infer that her employer discriminated against or retaliated against her in violation of Title VII.  *Cicalese v. Univ. of Tex. Medical Branch*, 456 F. Supp. 3d 859, 866-67 (S.D. Tex. 2020).  "[T]he court may explore the plaintiff's *prima facie* case at the dismissal stage to determine whether the plaintiff can ever meet [her] initial burden to establish a *prima facie* case."  *Evans-Rhodes*, 2013 WL 5603003, at *3 (quotation omitted).

### i.   Lucenio's Title VII claims based on failure to promote should be dismissed.

A *prima facie* case of racial discrimination based on a failure to promote requires that the plaintiff demonstrate "(1) she is a member of the protected class; (2) she sought and was qualified for a position for which applicants were being sought; (3) she was rejected for the position; [and] (4) the employer hired a person outside of the plaintiff's protected class or continued to seek

applicants with the plaintiff's qualifications." *McMullin v. Miss. Dep't of Pub. Safety*, 782 F.3d 251, 258 (5th Cir. 2015).  It is undisputed that Lucenio, an African-American, is a member of a protected class.  Accepting the allegations in her pleadings as true, during the last six months of her employment with HISD, Lucenio applied to seven separate positions but was refused promotion on each account.  ECF No. 19 ¶ 21.  However, assuming Lucenio was qualified for each position, [11] her Second Amended Complaint fails to clearly allege that with respect to each of the seven positions, HISD hired a person outside Lucenio's protected class or continued to seek applications from individuals with Lucenio's qualifications.  For example, Lucenio alleges that HISD denied her the position of CTE Computer Science Director and gave the role to Dr. Malhan.  ECF No. 19 ¶ 21.  While Lucenio alleges that she had more relevant experience, she fails to allege that Dr. Malhan was outside her protected class.  Without any factual basis to establish that HISD hired a person outside of Lucenio's protected class or continued to seek applicants for the position who had Lucenio's qualifications, the Court finds that Lucenio has failed to state a claim under Title VII based on failure to promote.  Therefore, the Court **RECOMMENDS** the Title VII claims based on the failure to promote be **DISMISSED** and that even though Lucenio has already had an opportunity to amend her Title VII allegations, she be given a final opportunity to plead specific facts to enable the court to reasonably infer that HISD discriminated against her.

### ii.    Lucenio's Title VII claim based on HISD's failure to rehire her in 2019 should be dismissed.

Lucenio's allegation that HISD violated Title VII by failing to rehire her after the 2019 reduction in force despite multiple positions remaining open (ECF No. 19 ¶ 27), does not, by itself, state a claim for relief.  A *prima facie* case for failure to hire requires a showing that

---

[11] Lucenio alleges in her Second Amended Complaint that she "was denied job promotions for allegedly being 'unqualified' while white employees far less qualified and experienced than her were offered the same promotions." ECF No. 19 ¶ 34.

plaintiff "(1) [was] a member of a protected class; (2) *applied for an open position*; (3) [was] qualified for the position; (4) was not selected for the position; and (5) the employer continued to seek applicants for the position or filled the position by someone outside the protected class." *Brown v. AT&T Servs. Inc.*, 236 F. Supp. 3d 1000, 1006 (S.D. Tex. 2017) (emphasis added). Lucenio has failed to plead facts alleging that she applied to positions posted by HISD after her 2019 termination. Instead, Lucenio argues that HISD discriminated against her when the district advertised openings for multiple positions for which she was qualified but failed to rehire her for any of them. Absent allegations that Lucenio actually applied for any of these available positions, she has failed to state a claim under Title VII. *Id*. Therefore, the Court **RECOMMENDS** these claims be **DISMISSED** without prejudice to allow Lucenio to add specific facts from which the Court could infer that HISD violated Title VII by failing to rehire her in 2019.

### iii. Lucenio's Title VII claim based on her termination should not be dismissed.

Lucenio contends HISD ultimately terminated her position on June 10, 2019 due to an alleged reduction in force, while allowing non-African-American colleagues to maintain their employment or be reassigned in lieu of termination. ECF No. 19 ¶ 25. A *prima facie* case of race discrimination requires a plaintiff to show the following: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) other similarly situated employees outside her protected class were treated more favorably. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

Lucenio alleges she is an African-American who was qualified for her position and was terminated because of her race while similarly situated and less qualified white employees were able to retain their employment despite HISD's reduction in force. ECF No. 19 ¶ 32, 35. HISD

argues that Lucenio's pleading fails to allege facts showing the white employees were similarly situated to her.  The Court finds that Lucenio has adequately alleged all four elements of her termination claim to survive a motion to dismiss.  Indeed, the Fifth Circuit has held that "a court errs by requiring a plaintiff to plead something more than the 'ultimate elements' of a claim."  *See Cicalese v. Univ. of Tex. Medical Branch*, 924 F.3d 762, 768 (5th Cir. 2019) (citing *Chimm v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)).  Thus, scrutinizing whether Lucenio's white co-workers were truly "similarly situated" to her is more suited for the summary judgment phase.  *Id*.  Accordingly, the Court **RECOMMENDS** that HISD's motion to dismiss Lucenio's race discrimination claim for wrongful termination should be **DENIED**.

### iv. Lucenio's Title VII claim for retaliation based on failure to promote and rehire after she engaged in protected activity should not be dismissed.

HISD seeks dismissal of Lucenio's Title VII retaliation claims based on allegations that (1) she was overlooked for promotions "in retaliation for her protected complaint" and (2) as a result of her December 2019 EEOC charge, HISD "conspired against her to prevent her from being rehired by HISD when a job opening became available that had the same responsibilities as her previous position with HISD."  ECF No. 23 at 24-25.[12]

To make out a *prima facie* case of retaliation, a plaintiff must demonstrate (1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there is a causal connection between the protected activity and the adverse employment action.  *Aryain v. Wal-Mart Stores LP*, 534 F.3d 473, 484 (5th Cir. 2008).  "An employee has engaged in protected activity when he or she has . . . made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII.  *Id*. at 484

---

[12] HISD's Motion to Dismiss fails not address Lucenio's retaliation allegation that she was wrongfully terminated in response to filing a grievance.   ECF No. 19 ¶ 44.

n. 8 (quoting 42 U.S.C. 2000e-3(a)).  For purposes of a Title VII retaliation claim, an adverse employment action is an action that could dissuade a reasonable worker from making or supporting a charge of discrimination.  *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S. Ct. 2405, 2409 (2006).

HISD does not dispute that Lucenio has alleged she engaged in protected activity. Although Lucenio's Second Amended Complaint fails to define or identify the "first protected complaint" and "second protected complaint" referred to in her Title VII retaliation cause of action (*see* ECF No. 19 ¶¶ 43-44), the Court assumes they refer to the two grievances made by Lucenio before she filed her EEOC charge.  The filing of a grievance complaining of racial discrimination constitutes protected activity under Title VII.  *Long v. Eastfield College*, 88 F.3d 300, 305-06 (5th Cir. 1996)**.**

Lucenio alleges that as a result of her protected activity, she suffered an adverse employment action.  More specifically, she alleges that in response to her grievance filed against Ms. Fancher for race-based harassment, HISD retaliated against her by refusing her seven separate promotions for which she applied.  Failing to promote an employee can constitute an adverse employment action because loss of a promotion could dissuade a reasonable employee from participating in protected activity.  *See Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 898 (S.D. Tex. 2010) ("Denial of a promotion is an adverse employment action with respect to retaliation under Title VII.").  These allegations are sufficient to survive a motion to dismiss the retaliation claim. *See Cicalese*, 924 F.3d at 768 (vacating Rule 12(b)(6) dismissal of a Title VII claim because plaintiff only needed to "plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss.").

The same is true for her Title VII retaliation claim based on the May 2020 failure to rehire. Contrary to HISD's assertion that Lucenio did not apply to any positions with HISD after filing her charge of discrimination, Lucenio alleges that in May 2020—more than five months after she filed her EEOC charge—she submitted an application for a position as an IT project manager. ECF No. 19 ¶ 28.  Lucenio alleges she was informed by an HISD employee that although "they" wanted to hire her, her application could not be considered due to her pending EEOC charge against the district.  *Id*.  Again, by filing an EEOC charge, Lucenio engaged in activity protected by Title VII.  *Aryain*, 534 F.3d at 484.  Further, HISD's failure to rehire Lucenio satisfies the requirement for an adverse employment action.  *Thomas v. Tregre*, 913 F.3d 458, 463 (5th Cir. 2019).  Taking the pleadings as true, Lucenio has alleged a causal connection between the protected activity and the adverse employment action.  As such, Lucenio has stated a claim for Title VII retaliation. Therefore, the Court **RECOMMENDS** that HISD's motion to dismiss the Title VII retaliation claim based on allegations of failure to promote and rehire be **DENIED**.

> **v.      Lucenio's Title VII claims for race discrimination and retaliation based on HISD's failure to investigate her grievance should be dismissed.**

Lucenio alleges that HISD failed to properly investigate a grievance she filed against Dr. Sailors and Mr. Gilhousen in June 2019.  ECF No. 19 ¶ 26.  As the Court has explained,  both Title VII race discrimination and retaliation claims require an adverse employment action.  *Okoye*, 245 F.3d 507 at 512-13; *Aryain*, 534 F.3d at 484.  A failure to investigate an employee's grievance to her satisfaction is not an adverse employment action under a Title VII claim for race discrimination or retaliation.  *Lamb v. City of W. Univ. Place*, 172 F. Supp. 2d 827, 836-37 (S.D. Tex. 2000) (no legal authority supports the argument that failure to investigate a charge of discrimination to plaintiff's satisfaction is an adverse employment action); *Gibson v. Hoshizaki Am., Inc.*, No. 4:20-

cv-046, 2021 WL 200523, at *6 n. 2.  (N.D. Tex. Jan. 20, 2021) ("failure to investigate plaintiff's . . . report of . . . 'assault' to plaintiff's satisfaction is not an adverse employment action"); *Goodwin v. Acadian Ambulance Serv., Inc.*, No. 6:16-cv-0009, 2017 WL 6892994, at *11 (W.D. La. Dec. 5, 2017), *report and recommendation adopted*, 2018 WL 396193 (W.D. La. Jan. 11, 2018) ("the law is well-settled that failure to investigate a plaintiff's complaint is not an adverse employment action").  Accordingly, the Court **RECOMMENDS** that HISD's Motion to Dismiss Lucenio's Title VII race discrimination and retaliation claims based on HISD's failure to investigate her grievance should be **GRANTED with prejudice**.

## IV.    Conclusion

For the reasons explained above, the Court **RECOMMENDS** that HISD's Motion to Dismiss (ECF No. 23) be **GRANTED in part and DENIED in part**.    The Court **RECOMMENDS** the following claims be **DISMISSED WITH PREJUDICE**:

- Failure to provide veteran's employment preference under Texas Government Code § 657.003;
- Failure to provide veteran's employment preference under 5 U.S.C. § 2108;
- Discrimination under 34 U.S.C. § 12601;
- Discrimination and retaliation under 42 U.S.C. § 1981;
- Constitutional and federal law violations under 42 U.S.C. § 1983;
- Title VII and retaliation claims for all discriminatory conduct occurring before February 26, 2019;
- Title VII and retaliation claims for failure to investigate the June 2019 grievance.

The Court **RECOMMENDS** the following claims be **DISMISSED WITHOUT PREJUDICE**:

- Title VII claims for failure to promote on or after February 26, 2019;
- Title VII claims for failure to rehire in 2019.

Should this Memorandum and Recommendation be adopted, the only claims that will remain in this case are Lucenio's Title VII race discrimination claim based on wrongful termination and Title VII retaliation claims based on failure to promote, failure to rehire, and wrongful termination.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 16, 2022 at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge