IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHENEKA LUCENIO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | CIVIL ACTION NO.: 4:21-cv-00650 |
| v. | § | |
| | § | JURY DEMANDED |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| | § | |
| *Defendant*, | § | |

**PLAINTIFF'S THIRD AMENDED PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Sheneka Lucenio (hereinafter "Plaintiff" or "Ms. Lucenio") files this Second Amended Petition complaining of and about Defendant, Houston Independent School District., (hereinafter "Defendant" or "HISD"), and for causes of action against them, would show the Court as follows:

**I.   NATURE OF THE CLAIMS**

1. This action is filed under 42 U.S.C. § 1981 ("Section 1981"), under Title VII of the Civil Rights Act of 1964, and under 42 U.S.C. § 1983 to seek relief and correct unlawful employment practices by HISD including race discrimination, retaliation, and unlawful termination of employment.

2. This complaint seeks to recover actual and compensatory damages, including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court. Plaintiff also seeks an award of damages for her mental anguish and pain and suffering she has suffered, continues to suffer, and will suffer in the future. Lastly, Plaintiff seeks to recover attorneys' fees, pre-judgment and post-judgment interest, and costs of court.

## II.     PARTIES AND SERVICE

3. Plaintiff, Sheneka Lucenio, is a citizen of the United States and the State of Texas and resides in Brazoria County, Texas. Plaintiff is a former employee of Defendant.

4. Defendant, Houston Independent School District (hereinafter "HISD" or "Defendant") is a political subdivision of the State of Texas. It is an independent school district within the State of Texas, organizes pursuant to state law, and charged with the responsibilities of operating and maintaining a public school system within its geographical boundaries. It may be served through its Interim Superintendent, Dr. Grenita Lathan, Houston Independent School District, 4400 West 18th street, Houston, Texas 77092.

## III.     JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 as this case presents Federal questions, and pursuant to 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

6. Venue is proper in this Court as defendant Houston Independent School District is political subdivision within Harris County, Texas, within this division of the Southern District of the United States District Court.

## IV.     CONDITIONS PRECEDENT

7. On December 26, 2019, Plaintiff timely filed a Charge of Discrimination against the Defendant with the Houston Division of the Equal Employment Opportunity Commission, EEOC Charge No. 460-2020-01583. Plaintiff received a right to sue from the EEOC on January 15, 2021. Plaintiff files this complaint within 90 days of receiving the notice of right to sue. All conditions precedent to filing this lawsuit have been performed or have occurred.

### V.   FACTUAL BACKGROUND

8. Plaintiff incorporates by reference all of the allegations set forth above.

9. On June 15, 2015, Ms. Lucenio, began her employment with Houston Independent School District (hereinafter "HISD") as a Senior Technology Project Manager. For four years, Plaintiff encountered no performance issues or code of conduct violations with Defendant. Plaintiff routinely exceeded expectations and was entrusted with various tasks due to her extraordinary capabilities. In addition, Plaintiff had received only positive annual performance reviews for every year spent at HISD, with the most recent ratings as "primarily effective."

10. Ms. Lucenio observed bias and favorable treatment of non-African American employees throughout her employment beginning in March 2016 and this discrimination continued throughout her employment until her date of termination. For example, prior to March 2016, HISD's Senior Technology Project Manager, Mr. Felix Lerma (Hispanic male, non-veteran) told HISD staff that Mr. Lenny Schad (white male) promised Mr. Lerma a Specialist Project Manager position. Subsequently, in March of 2016, Ms. Lucenio learned that the Specialist Project Manager position in the Project Management Office became available but was not advertised. Instead, the position was automatically given to Mr. Lerma just as he had foretold, though Mr. Lerma was unqualified. Ms. Lucenio was not considered for the position, interviewed nor given the

opportunity to apply despite her superior credentials, in contravention of state law and HISD's own policy.

11. Throughout March 2016, Ms. Fancher subjected Ms. Lucenio to more hostile and unfavorable treatment. For example, on March 30, 2016, during an HISD morning meeting, Ms. Fancher humiliated Ms. Lucenio while she discussed the support model for Nutrition Services. Ms. Lucenio understood Nutrition Services to be her project prior to her maternity leave. As such, when her peer asked questions regarding the support plan during the meeting, Ms. Lucenio took initiative and began to explain why the support model for Nutrition Services should be separate from Transportation and CFS. However, Ms. Fancher rudely interrupted and demanded Ms. Lucenio stop speaking because Ms. Lucenio allegedly "[did] not know what [she was] talking about." Ms. Lucenio felt embarrassed and ridiculed before her peers. Ms. Fancher did not treat her non-African American subordinates in a similar manner.

12. Around April 2016, Ms. Lucenio learned that Ms. Fancher, Ms. Pretti Burns, and Mr. Frank Williams ("HISD Panel") comprised a panel which interviewed Ms. Jayne Edwards (African-American female), for a Senior Technology Project Manager position. The HISD Panel ultimately selected Mr. Edgar Ciliberto (Hispanic male) and informed Ms. Edwards that she was not qualified for the position because she allegedly did not have sufficient experience as a Project Manager. However, Ms. Edwards, a Project Management Professional ("PMP"), held a master's degree, was a current HISD employee, and worked as a project manager under Ms. Fancher for at least two years. Ms. Edwards was undoubtedly more qualified for the position than the selectee.

13. Continuing its biased and discriminatory pattern of hiring practices, on August 16, 2016, HISD failed to consider Ms. Lucenio for a promotion to Specialist Project Manager. Ms. Lucenio questioned Ms. Fancher about the position and her potential qualification. Ms. Fancher

replied that HISD sought a candidate who was a PMP and with Six Sigma certification. However, after reading the vacancy announcement, Ms. Lucenio confirmed that being a PMP or possessing Six Sigma certification was not required for the position. As such, Ms. Lucenio applied for the position. Immediately, after Ms. Lucenio applied and prior to the close of the application, Ms. Fancher informed Ms. Lucenio that she had already offered the position to Sergio Ascenio (Hispanic male, non-veteran). Ms. Lucenio, confused, stated to Ms. Fancher that the application close date was not until September 1, 2016. Ms. Fancher curtly replied that "[she] would not have considered [Ms. Lucenio] anyway."

14. HISD continued its biased and unfair treatment of Ms. Lucenio, by refusing to investigate or properly address Ms. Lucenio's complaints. For example, on October 19, 2016, Ms. Lucenio complained to Mr. Patrick Porter (white male) and Ms. Fancher that a Senior IT Manager, Ms. Debbie Young (white female), was sabotaging a project to which Ms. Lucenio was assigned. Instead of investigating the matter, Ms. Lucenio was summarily taken off the project.

15. Ms. Lucenio made complaints to her supervisors about the discrimination she had faced, but HISD continued its biased and unfair treatment of Ms. Lucenio and refused to investigate or properly address Ms. Lucenio's complaints through August 2017. For example, on August 17, 2017, Ms. Lucenio communicated to Ms. Fancher that Stephanie Mracheck (HISD vendor) provided staff with inaccurate information and breached an existing agreement. Ms. Lucenio also complained to Ms. Fancher that Ms. Mracheck had attacked her integrity. However, Ms. Fancher did not investigate Ms. Lucenio's complaint. Instead, Ms. Fancher and HISD continued with its pervasive favoritism toward non-African American women even if said women were not direct employees of HISD. Again, on October 23, 2017, Ms. Lucenio complained to Ms. Fancher that Ms. Mracheck called her a liar and attacked her integrity. Ms. Lucenio also

complained to Ms. Fancher that she was bullied, intimidated, and inappropriately chastised publicly. Still Ms. Fancher and HISD failed to intervene or investigate.

16. Ms. Mracheck continued to subject Ms. Lucenio to hostile treatment through January 2018, with the silent acquiescence of Ms. Fancher and HISD management. On January 18, 2018, Ms. Mracheck again falsely attacked Ms. Lucenio's integrity and impeccable credibility by falsely accusing Ms. Lucenio of making inaccurate claims against the Infinite Campus (IC) project and team. Only after calling Ms. Fancher, and yet again expressing her concerns, did Ms. Fancher finally intervene regarding Ms. Mracheck's harassment, false emails and comments.

17. In May 2018, Ms. Lucenio filed a grievance against Ms. Fancher, for targeting and harassing her due to her race. Unsurprisingly, Ms. Lucenio's claims of discrimination went unresolved. No corrective action was taken, and Ms. Fancher continued her employment without discipline until her retirement in August of 2018.

18. In July 2018, Ms. Lucenio appeared as a witness in Ms. Susan Kaler's (white female, non-veteran) grievance and EEOC complaint brought against Mr. Lenny Schad, former HISD CTO for racial discrimination and harassment of HISD employees. Ms. Lucenio was involved in the HISD investigation addressing the allegations of discrimination, and subsequently suffered retaliation from HISD employees for her participation. Ms. Lucenio provided her professional opinion regarding the project in question and substantiated Ms. Kaler's allegations against Mr. Schad.

19. Based on information and belief, due to the discrimination allegations against Mr. Schad, HISD placed him on administrative leave from August 2018 to October 2018. Upon returning from administrative leave, Mr. Schad began to retaliate against Ms. Lucenio for her participation in the grievance filed against him. Mr. Scott Gilhousen, current HISD CTO, joined

Mr. Schad in targeting Ms. Lucenio and assisting Mr. Schad in discriminatorily targeting Ms. Lucenio. Despite Ms. Lucenio performing her job to satisfaction, in November 2018, supervisor, Dr. Kristy Sailors, without cause or justification, removed Ms. Lucenio from the Student Information System (SIS) project, which was on-going and funded. Ms. Lucenio was told she would take over another project after Mr. Alex Leal's (Hispanic male) departure. Mr. Leal did not leave however, and Ms. Lucenio was not reassigned to any projects for the following six months. Meanwhile, Ms. Lucenio's non-African American peers enjoyed an abundance of assignments and worked on multiple projects.

20. After Plaintiff was removed as project manager, she lost all her supervisory and management oversight with contractors and worked solely in an ancillary fashion to other project managers and peers. Ms. Lucenio reached out on multiple occasions to her supervisors to be put on another project in order for HISD to make full use of her experience, but HISD continued to discriminate and retaliate against her and failed to place her in another management role.

21. On November 29, 2018, Ms. Kristy Sailors informed Plaintiff that she would be taking over the SAP Manager projects currently managed by Mr. Alex Leal. Plaintiff scheduled meetings with Mr. Leal throughout December 2018 and January 2019 to learn about the role she would be taking over but was assigned no additional work and excluded for project meetings that Mr. Leal held with other advocates and sponsors.

22. On February 8, 2109, Ms. Lucenio scheduled a meeting with Mr. Alex Leal to address his failure to include her in meetings, as Mr. Leal had been conducting project- related meetings with sponsors and not including Plaintiff, further ostracizing her from the department.

23. On March 5, 2019, Plaintiff was informed Mr. Leal would be staying on his current role, contradicting what Ms. Sailors had informed her the previous three months. At that time,

Plaintiff remained the only Project manager without any work assigned to her. After Plaintiff learned Mr. Leal would be staying on in his current position, she requested a meeting with Mr. Scott, but her request was ignored and the meeting was not scheduled.

24. On March 7, 2019, Mr. Leal once again scheduled a project related meeting without Plaintiff. After more than three months, Plaintiff still had not been formally introduced to the project sponsors or the leadership regarding her new involvement. Defendant continued to schedule meetings without her and did everything possible to create a hostile environment for Plaintiff and make Ms. Lucenio feel excluded from her department.

25. During the last six months of Ms. Lucenio's employment with HISD she applied to seven separate positions within HISD but was refused a promotion on each account. Since February 2019, while employed by HISD Plaintiff applied to the following positions: Strategic Branding Marketing and Communication Officer, the Senior Manager of the SSI Community Partnership Grant, the Senior Manager of the ROSES project, the Senior Manager of Information Technology, CTE Computer Science Director, Senior Manager of Professional Development, Director of the Interventions Office, and Director of Community Relations. For each of these positions, HISD ultimately chose candidates that were not African American and less qualified than Plaintiff for the role.

26. For the position of CTE Computer Science Director, Ms. Lucenio was granted an interview but was denied the position. The candidate selected, Dr. Malhan, had an educational background in botany and a Master's in English. Whereas Ms. Lucenio has a Master's degree in Technology management and a Bachelor's in Computer Science and Management. Dr. Malhan had twenty years' experience in education, compared to Ms. Lucenio who had the same number

of years' experience but in the more relevant field of Information Technology and Computer Science. Unlike Plaintiff, Dr. Malhan was of Indian origin and not African-American.

27. Bizarrely, in May of 2019, Ms. Lucenio was interviewed but not selected for a Senior Manager, Information Technology (Pos. ID. 61563) position, a more senior position than the Manager, Information Technology positions to which Ms. Lucenio had applied a few months prior but not interviewed. HISD's grant of an interview for the Senior Manager position was little more than an apparent attempt at appeasement and mitigation of liability for its discriminatory conduct highlighted by Ms. Lucenio's complaints. For undoubtedly the same reasons, in June 2019, Ms. Lucenio was also interviewed but not selected for another senior role, Director CTE Computer Science (Pos. ID. 64590). The employee ultimately selected for the Director CTE Position was not African- American.

28. On or about June 10, 2019, while Ms. Lucenio was on vacation, Ms. Susan Haught (white female), informed Ms. Lucenio telephonically that she was terminated effective June 30, 2019, due to an alleged Reduction in Force ("RIF").

29. During her conference for the record and subsequent termination meeting, Mr. Porter and Dr. Sailors informed Ms. Lucenio that the IT department had no projects on the books for the upcoming years. This was not true, however. In fact, the same project from which Ms. Lucenio was removed in December 2018 is still on-going.

30. Additionally, Ms. Lucenio's non-African American colleagues were able to maintain their employment or were reassigned in lieu termination, unlike Ms. Lucenio. For example, Ms. Kaler whose position was eliminated, was given the opportunity to retain her employment with HISD through a reassignment, that matched her skillset, without a break in service and with comparable compensation. Later, Ms. Noelia Longoria (Hispanic female) and

Ms. Imelda Lujan (Hispanic female) were able to maintain employment with HISD when they were also reassigned.

31. Around June 2019, Ms. Lucenio filed a grievance against Dr. Sailors and Mr. Gilhousen, for failing to reassign and for wrongfully terminating Ms. Lucenio. HISD failed to properly investigate Ms. Lucenio's complaints, however. For example, the HISD favorable third-party investigator acknowledged in its report that Ms. Lucenio complained that HISD "violated several polices, including Section 657.003, 005, and .007 of the Texas Government Code…" The reporter continued that "During the July 26th conference, "I asked Ms. Johnson-Lucenio to clarify the basis of her concerns. She told me that she was no longer alleging a violation of Sections 657.003, .005, and .007 of the Texas Government Code ("657 claims") related to a veterans employment preference, but instead was asserting that the District violated Policy DC (Local), a policy that contains a veteran preference." (See *Investigation of Complaint of Sheneka Johnson-Lucenio Outcome Report*, p. 1). This was not true, however. Indeed, the investigator failed to include in her report that she, the investigator, wrongfully advised Ms. Lucenio to drop her 657 claims apparently because HISD had no justification for violations of the Texas Government Code. Disturbingly the investigator inappropriately advised Ms. Lucenio that she could not pursue the federal and state claims, thereby continuing the discriminatory and retaliatory treatment of Ms. Lucenio.

32. Since July 2019, HISD posted multiple available positions for which Ms. Lucenio applied and qualified for, yet HISD failed to rehire Ms. Lucenio. On July 7, 2019, Plaintiff applied to the following positions at HISD: the Director of CTE Computer Science, the Interventions Office Director, and the Senior Manager of Professional Development. Then on September 24, 2019, Plaintiff applied the CTE Computer Science Director, the Senior Manager of Professional

Development, and the Director of Community Relations. HISD failed to hire Ms. Lucenio for any of the positions listed above.

33. Then on December 23, 2019, Ms. Sheneka Lucenio filed an EEOC charge against Defendants for being discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. 1981.

34. In May 2020, HISD posted a job opening that required the same duties Ms. Lucenio had previously carried out as an IT Project manager. Subsequently, Ms. Lucenio submitted once more her application for this job posting but was rejected for the position. Ms. Lucenio was then contacted by an employee of HISD and informed that while they would have wanted to hire her, HISD prohibited her application from consideration due to her continuing EEOC charge against HISD. Unlike her non-African American peers, to date Ms. Lucenio has not been selected, reassigned or offered any available position for which she qualified at HISD, despite her appropriate qualifications and applying for the positions.

## VI.   CAUSES OF ACTION

**COUNT NO. 1 - RACIAL DISCRIMINATION UNDER TITLE VII AND SECTION 1981**

35. Title VII of the Civil Rights Act of 1964 and Section 1981 make it unlawful for an employer to "fail or refuse to hire or to discharge an individual, or otherwise discriminate against any individual because of that individual's race". *See* 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1981.

36. Pursuant to 42 U.S.C. § 2000e-2 and to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against the Defendant for racial discrimination.

37. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

38. Plaintiff, as an African American employee is a member in a racial minority. Plaintiff has years of experience in project management and hold multiple degrees making her qualified to do her job. Defendant acted with the intent to discriminate against Plaintiff, by harassing her, undermining her authority, failing to promote and eventually terminating her on the basis of her race. But for her race, Plaintiff would not have suffered the loss of her legally protected right.

39. Plaintiff was subjected to racially derogatory treatment and treated differently by Defendant compared to other similarly situated white employees in terms of policy application, discipline, and career advancement opportunities.

40. Plaintiff was denied job promotions for allegedly being "unqualified" while white employees far less qualified and experienced than her were offered the same promotions.

41. Plaintiff suffered adverse employment actions when she was demoted and eventually terminated because of her race, while white employees similarly situated and less qualified to Plaintiff were able to retain their employment despite the district's alleged reorganization.

42. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

43. Plaintiff alleges that the Defendant harassed, failed to promote, wrongfully terminated, and otherwise discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C § 1981.

44. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference against the Defendant for retaliation.

**COUNT NO. 2 – RETALIATION UNDER TITLE VII AND 42 U.S.C SECTION 1981**

45. Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 makes it unlawful for an employer to discriminate against an employee because the employee has "opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted, or participate in any manner in an investigation, proceeding, or hearing under this subchapter." *See* 42 U.S.C. § 2000e-3 and 42 U.S.C. § 1981.

46. Pursuant to 42 U.S.C. § 2000e-3 and 42 U.S.C. § 1981, Plaintiff pleads a cause of action against the Defendant for retaliation.

47. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

48. After Plaintiff's complaint of harassment and racial discriminatory actions and comments made by Ms. Fancher, Plaintiff was subjected to increased scrutiny and harassment by Ms. Fancher.

49. In retaliation for her protected complaint, Plaintiff was repeatedly overlooked for promotions and job opportunities which she applied to but were given to non-African American candidates instead.

50. In retaliation for her second protected complaint, Mr. Schad had Plaintiff demoted as a project manager, removed her as the lead for her team and terminated her employment.

51. In retaliation for her protected complaints including her EEOC charge and her subsequent Amended EEOC Charge, Defendant conspired against Plaintiff to prevent her from being rehired by HISD when she applied to a job opening that became available which had the same responsibilities as her previous position with HISD. An HISD representative specifically informed Plaintiff she was deemed ineligible to be rehired by the school district because of Plaintiff's ongoing EEOC charge against the school district.

## COUNT NO. 3 – POLICY AND CUSTOM OF DISCRIMINATION AND RETALIATION UNDER 42 U.S.C. § 1983

52. Defendant violated 42 U.S.C. § 1983, under color of law, by depriving Plaintiff of her First Amendment Rights.

53. The allegations contained in all paragraphs of this complain are hereby incorporated by reference with the same force and effect as if set forth verbatim.

54. Defendant HISD is liable under 1983 for failing to act when such failure represents "deliberate indifference to the constitutional rights of its citizens"

55. Defendant HISD is liable under 1983 for the practice and widespread policy of not hiring African American employees in higher managerial position resulting in Plaintiff's constitutional right being violated.

56. Plaintiff's grievance and EEOC charge against HISD was intended to expose a matter of public concern in the form of racial discrimination at the hands of Defendant HISD. As evidenced by the racial discrimination taking place in the District, Plaintiff's grievance involved a matter of public concern.

57. Defendant HISD also had a widespread practice of violating Veteran's rights by failing to provide the hiring preferences to HISD employees.

58. Defendant HISD through the actions of their policymaking authorities failed to promote Plaintiff and ultimately terminated Plaintiff for filing a race complaint against Defendant HISD.

## COUNT NO. 4 – FAILURE TO PROVDE VETERAN'S EMPLOYMENT PREFERENCE UNDER TEXAS GOVERNMENT CODE 657.003

59. Texas Government Code Sec. 657.003 requires a state agency to provide an individual, who qualifies for a veteran's employment preference, with a preference in employment with or appointment to a state agency over other applicants for the same position who do not have a greater qualification.

60. Pursuant to TX GOVT 657.003, Plaintiff pleads a cause of action against the Defendant for failing to provide the veteran's employment preference to Plaintiff, who qualified as she is an honorably discharged U.S. Veteran.

61. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

## COUNT NO. 5- FAILURE TO PROVIDE VETERAN'S EMPLOYMENT PREFERENCE UNDER Title 5 U.S.C. Section 2108

62. Pursuant to TX GOVT Section § 657.0006, when federal law or a limitation provided by a federal grant to a state agency, Texas Government Code shall be construed to operate in harmony with the federal or limitations of the federal grant. Since Defendant HISD received federal funds and is bound by federal law, Plaintiff pleads a cause of action against Defendant for failing to provide veteran's preference to Plaintiff under 5 U.S. Code 2108.

63. The allegations contained in all paragraphs of this complain are hereby incorporated by reference with the same force and effect as if set forth verbatim.

## COUNT NO. 6 –PATTERN OR PRACTICE OF DISCRIMINATION UNDER U.S.C. § 12601

64. Pursuant to 34 U.S.C. § 12601, Plaintiff pleads a cause of action against the Defendant for engaging in a pattern or practice of conduct by law enforcement or by officials or employees of any governmental agency with responsibility for the administration of juvenile

justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured by the Constitution or laws of the United States.

66. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

## VII. DAMAGES

66. Plaintiff sustained damages as a result of the actions and/or omissions of Defendant described herein. Accordingly, Plaintiff is entitled to an award of actual and compensatory damages, including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court. Plaintiff also seeks an award of damages for her mental anguish and pain and suffering she has suffered, continues to suffer, and will suffer in the future.

67. Additionally, as a result of Defendant's above-referenced actions and/or omissions, Plaintiff was required to retain counsel to protect and enforce her legal rights. Accordingly, Plaintiff also seeks compensation for her attorneys' fees, pre-judgment and post judgment interest, out-of-pocket expenses, expert fees and costs of Court she will have incurred in this action.

## VIII. JURY DEMAND

68. Plaintiff respectfully requests a trial by jury on all issues to be tried in this matter.

## IX. PRAYER

For the reasons set forth above, Plaintiff Sheneka Lucenio respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for:

a. All damages to which Plaintiff may be entitled pursuant to this Second Amended Complaint, or an amendment thereto, including but not limited to actual and compensatory damages, including lost wages and benefits in the past and future in an amount within the jurisdictional limits of the Court.

b. Mental anguish and pain and suffering that she continues to suffer and will suffer.

c. Reasonable attorney's fees as allowed by law, with conditional awards in the event of appeal;

d. Prejudgment interest at the highest rate permitted by law; Post-judgment interest from the judgment until paid at the highest rate permitted by law;

e. Out of pocket expenses, expert fees, Costs of Court; and

f. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Second Amended Complaint or by proper amendment thereto.

> Respectfully submitted,
> TB Robinson Law Group, PLLC
>
> _____
> Terrence B. Robinson
> SD Bar No. 14218
> Texas Bar No. 17112900
> Email: TRobinson@TBRobinsonlaw.com
> Claudia Casas
> SD Bar NO.
> Texas Bar No.24110850
> Email: CCasas@TBRobinsonlaw.com
> 7500 San Felipe St., Suite 800
> Houston, Texas 77063
> Phone: (713) 568-1723
> Facsimile: (713) 965-4288
> **ATTORNEYS FOR PLAINTIFF**